# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOVAN CHANDRE PAYNE,

        Petitioner,         Case Number: 2:09-CV-11763

v.        HON. VICTORIA A. ROBERTS

WILLIE SMITH,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Petitioner Jovan Payne, a state inmate incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his conviction for unarmed robbery. Because the petitioner has not exhausted his state court remedies, the Court shall dismiss the petition without prejudice.

**I.**

Petitioner pleaded no contest in Wayne County Circuit Court to unarmed robbery. On July 19, 2005, he was sentenced to six to fifteen years' imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising a claim of ineffective assistance of counsel and insufficiency of the evidence. The Michigan Court of Appeals denied leave to appeal. *People v. Payne*, No. 273566 (Mich. Ct. App. Jan. 19, 2007).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Payne*, 478 Mich. 927 (2007).

While his appeal was pending in the Michigan Court of Appeals, Petitioner filed a

petition for a writ of habeas corpus in this Court. *Payne v. Burt*, No. 2:06-cv-12873. The Court dismissed the petition without prejudice because Petitioner's direct appeal was still pending and, therefore, Petitioner had not yet exhausted his state court remedies with respect to the challenged conviction. *See* Opinion and Order of Summary Dismissal, 7/6/06.

On May 5, 2009, Petitioner filed the pending petition for a writ of habeas corpus, raising the following claims:

    I.      Illegal extradition across state border/illega[l] detention by Toledo Ohio Police.

    II.     Mr. Borge only victim did not point . . . out they held me for interrogation on non-witness statement.

    III.    Toledo Police Department violated 14th Amendment extradition . . . illegal arrest racial profil[ing].

    IV.    Ineffective assistance of counsel.

## II.

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A Michigan prisoner challenging his confinement by way of a habeas corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v.*

*Rees*, 822 F.2d 1418 (6th Cir. 1987).  The petitioner bears the burden of showing that state court remedies have been exhausted.  *Id.* at 1420, n.3.  The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court.  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

Petitioner states that he has not exhausted the first claim raised in his habeas petition, and it is unclear whether he has exhausted his third and fourth claims.  The Michigan Court Rules provide a process through which the petitioner may raise his unexhausted claim.  Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on the petitioner's claim.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claim on direct review and resulting prejudice or a significant possibility of innocence.  *See* Mich. Ct. R. 6.508(D)(3).  However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust.  *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.  Petitioner's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

### III.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 6, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Jovan Payne by electronic means or U.S. Mail on July 6, 2009.

s/Linda Vertriest
Deputy Clerk

---